IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1944-WJM-KLM

EDWARD ALLEN, also known as Edward Allen Clutts,

    Plaintiff,

v.

CHP,
CDOC,
EXECUTIVE DIRECTOR OF CDOC, and
Dr. JENNIFER MIX,

    Defendants.

---

**ORDER ADOPTING JANUARY 20, 2021 RECOMMENDATION OF
MAGISTRATE JUDGE AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR
LEAVE TO AMEND PRISONER COMPLAINT**

---

This matter is before the Court on the January 20, 2021 Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 35) that the Court grant: (1) the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendants Correctional Health Partners ("CHP") and Jennifer Mix ("Mix") (jointly, the "CHP Defendants") ("CHP Defendants' Motion to Dismiss") (ECF No. 24); and (2) the Motion to Dismiss filed by Defendants Colorado Department of Corrections ("CDOC") and the Executive Director of the CDOC (the "Director") (jointly, the "CDOC Defendants") ("CDOC Defendants' Motion to Dismiss") (ECF No. 30).[1]

Although the Court adopted the Recommendation on February 9, 2021, Plaintiff filed objections to the Recommendation on March 11, 2021 ("Objections") (ECF No. 41),

---

[1] The Court will refer collectively to the CHP Defendants and the CDOC Defendants as "Defendants."

and the CDOC Defendants and CHP Defendants responded to the Objections on March 26, 2021 (ECF Nos. 42, 43). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Also before the Court is Plaintiff Edward Allen's Request for Leave to Amend Prisoner Complaint ("Motion to Amend"). (ECF No. 47.)

For the reasons explained below, the Court overrules the Objections, reaffirms its prior order adopting the Recommendation in full, and denies as moot the Motion to Amend.

## I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in Plaintiff Edward Allen's Amended Complaint. (ECF No. 14.)[2]

Plaintiff filed this action in Denver District Court on August 14, 2019, and Defendants removed this action on July 2, 2020. (ECF No. 1.) On August 13, 2020, Plaintiff filed the Amended Complaint, which asserts an Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983 and seeks: (1) an order that Defendants "continue physical therapy as long as needed"; (2) an order for Plaintiff to "be put on bottom bunk restriction for the duration of his incarceration"; (3) damages from Defendant Mix in her individual capacity for "pain and suffering caused by Dr. Mix"; and (4) punitive damages from Defendant Mix in her individual capacity. (ECF No. 14.)

On August 26, 2020, the CHP Defendants filed the CHP Defendants' Motion to

---

[2] The Court assumes the allegations contained in the Amended Complaint are true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

2

Dismiss. (ECF No. 24.) Plaintiff responded on September 18, 2020 (ECF No. 26), and the CHP Defendants replied on September 30, 2020 (ECF No. 29).

On October 19, 2020, the CDOC Defendants filed the CDOC Defendants' Motion to Dismiss. (ECF No. 30.) Plaintiff responded on October 30, 2020. (ECF No. 32.)

On January 20, 2021, Judge Mix issued her Recommendation that the CDOC Defendants' Motion and the CHP Defendants' Motion be granted and that the Amended Complaint be dismissed. (ECF No. 35 at 2.) Specifically, Judge Mix determined: (1) Plaintiff's request for injunctive relief that he "continue physical therapy as long as it is needed" is prudentially moot and therefore recommended that this portion of the Eighth Amendment claim be dismissed without prejudice; (2) Defendant Mix is immune from suit for injunctive relief under § 1983 and therefore recommended that Plaintiff's request to "be put on bottom bunk restriction for the duration of his incarceration" be dismissed with prejudice to the extent it is brought against Defendant Mix in her individual capacity; (3) Plaintiff has failed to adequately allege the subjective prong of his Eighth Amendment claim against CHP, CDOC, or the Director, and therefore recommended that the Court deny without prejudice Plaintiff's request for injunctive relief against Defendants CHP, CDOC, and the Director regarding the bottom-bunk restriction; (4) Plaintiff has failed to adequately allege the subjective prong of his Eighth Amendment claim for money damages against Defendant Mix and therefore recommended that Plaintiff's claim be dismissed against Defendant Mix without prejudice. (*See generally* ECF No. 35.)

The parties' objections to the Recommendation were due within 14 after service of the Recommendation. (ECF No. 35 at 24.) Having received no objections by the

3

applicable deadline, on February 9, 2021 the Court adopted the Recommendation and dismissed Plaintiff's Amended Complaint without prejudice in part and with prejudice in part. (ECF No. 36.)

On February 19, 2021, Plaintiff filed a Petition for Rehearing, in which Plaintiff represented that he did not receive a copy of Judge Mix's Recommendation and requested an opportunity to object therein. (ECF No. 38.) On February 23, 2021, the Court granted the motion and reopened the objection period for the Recommendation. (ECF No. 38.) However, the Court further ruled that its prior order adopting the Recommendation shall remain in full effect until further order of the Court. (*Id.*)

On March 11, 2021, Plaintiff filed his Objections. (ECF No. 41.) The CDOC Defendants and the CHP Defendants responded on March 26, 2021. (ECF Nos. 42, 43.)

On September 27, 2021, Plaintiff filed the Motion to Amend, in which Plaintiff seeks leave to file an amended complaint. (ECF No. 47.)

## II. LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 72(b)

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on

4

the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## A.      Federal Rule of Civil Procedure 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts must be construed strictly. *See F&S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). A party challenging the Court's jurisdiction may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *See id.* A court has wide discretion to allow affidavits, other documents, and may conduct a limited

5

evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  *See id.*

### C.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In reviewing a motion to dismiss under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.  "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.  'Factual allegations must be enough to raise a right to relief above the speculative level.'"  *Id.* (quoting *Twombly,* 550 U.S. at 545 & 556).  The plaintiff "does not need detailed factual allegations" but must plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.*  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 556).

6

### III.  PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION[3]

A.     **Injunctive Relief Regarding Physical Therapy**

In the Recommendation, Judge Mix determined that Plaintiff's request for injunctive relief in the form of an order that Defendants "continue physical therapy as long as needed" is prudentially moot because "there is no indication that Plaintiff, or his CDOC medical provider, has requested additional physical therapy since summer 2020 and that he has been denied that therapy."  (ECF No. 35 at 6–13.)  She further recognized that

> CHP, through Dr. Mix, has committed to fairly evaluating any further physical therapy requests "based on the same criteria used to review and approve the prior requests" for physical therapy.  In addition, Plaintiff has now been provided with an explanation for the process to appeal any adverse decisions regarding future physical therapy requests.  Thus, Defendants have "committed to ensure [Plaintiff] precisely the relief [ ]he seeks."

(*Id.* at 12–13 (internal citations omitted).)

Plaintiff objects to Judge Mix's statement that "Plaintiff has now been provided with an explanation for the process to appeal any adverse decisions regarding future physical therapy requests."  (ECF No. 41 at 4; ECF No. 35 at 12.)  He argues that he had previously satisfied the steps of the appeals process and that "[t]his pass the buck [routine] has to stop."  (ECF No. 41 at 4.)  According to Plaintiff, "not true governmental officials will promise you anything to appease you, but will do as they please."  (*Id.*)  He

---

[3] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nonetheless, the Court cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Moreover, in his Objections, Plaintiff raises a number of issues, only a portion of which relate to Judge Mix's Recommendation.  The Court confines its analysis to only the issues which relate to the Recommendation.

further contends that "[t]he issue of Defendant not providing need [*sic*] treatment is still an ongoing issue" and that "[t]he plaintiff is entitled to demonstrate that defense is not providing such treatment." (*Id.* at 5.)

However, critically, Plaintiff provides no evidence that he has sought, and been denied, subsequent physical therapy. As Judge Mix points out, Plaintiff "offers no evidence that [Defendants have] abdicated [their] duties in the [time] . . . that has elapsed since" last summer when Plaintiff was approved for additional physical therapy."[4] (ECF No. 35 at 13.) Accordingly, this portion of the Objections is overruled, and the Court reaffirms its prior order adopting this portion of the Recommendation and dismissing this portion of Plaintiff's Eighth Amendment claim without prejudice.

## B. Injunctive Relief Regarding Bottom Bunk Restriction

In the Recommendation, Judge Mix concluded that Plaintiff has failed to plausibly allege the subjective prong of his deliberate indifference claim because "there is no indication that anyone at CHP or CDOC, including the Director, was subjectively aware of any risk to Plaintiff based on the failure to order a bottom bunk restriction." (ECF No. 35 at 17.)

---

[4] In his Objections, Plaintiff argues that Judge Mix erred in ruling that "the Court cannot find . . . that CDOC prevented Plaintiff from attending any physical therapy session" as Plaintiff could have requested an extension of time to respond to filing deadlines in this case. (ECF No. 35 at 13 n.7.) Plaintiff reiterates that he was previously forced to choose between attending physical therapy sessions and other activities in prison. According to Plaintiff, "CDOC and the Magistrate [Judge] would have [him] exercise one right at the unnecessary expense of the other." (ECF No. 41 at 2.)

As an initial mater, the Court agrees with Judge Mix that there is insufficient evidence that CDOC actively prevented Plaintiff from attending any physical therapy session given that he could have sought an extension of time with respect to his court-ordered deadlines. At any rate, Plaintiff's argument does not alter the Court's determination that Plaintiff's request for injunctive relief is now subject to dismissal because it is prudentially moot.

In his Objections, Plaintiff objects to Judge Mix's conclusion that Plaintiff has failed to provide allegations that the CDOC Defendants or CHP was ever put on notice that Plaintiff needed a bottom bunk restriction. (ECF No. 41 at 3.) He points to a grievance that he filed and states that "[t]he grievance officer agreed with the Plaintiff [that the] bottom bunk restriction was necessary." (*Id.*) He further contends that "[n]owhere in any Court has anyone determined that the grievance process is not the appropriate way to exhaust administrative rem[e]d[ie]s." (*Id.* at 4.) Plaintiff further outlines events which purportedly occurred after November 2020, namely that his bunk restriction was taken away, that he fell out of his bunk again and reinjured his acromioclavular joint, and that he still has not seen an orthopedics doctor. (*Id.* at 5.)

In ruling on the parties' motion to dismiss, a court must confine its analysis to the well pleaded allegations of the complaint, which in this case do not include Plaintiff's allegations regarding the grievance or events occurring after the filing of his Amended Complaint in August 2020. *See Parr v. Stevens*, 2019 WL 1358849, at *12 (D. Colo. Mar. 25, 2019) (recognizing that a plaintiff cannot cure the deficiencies in his complaint by adding factual allegations in a brief opposing a motion to dismiss). As such, the Court reaffirms Judge Mix's conclusion that Plaintiff has failed to adequately allege that either the CDOC Defendants or CHP was on notice that Plaintiff needed a bottom bunk restriction, such that he has failed to adequately allege the subjective component of his Eighth Amendment claim. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (recognizing that to state an Eighth Amendment deliberate indifference claim, plaintiff must allege that: (1) objectively, the harm is sufficiently serious to receive constitutional protection; and (2) subjectively, that the defendant must have a sufficiently

culpable state of mind and be subjectively aware of the substantial risk to the plaintiff's health or safety and purposefully disregard the risk).

Accordingly, this portion of the Objections is overruled, and the Court reaffirms its prior order adopting this portion of the Recommendation and dismissing this portion of Plaintiff's Eighth Amendment claim to the extent it seeks an injunction regarding a bottom bunk restriction without prejudice.

C.   **Claim for Money Damages against Defendant Mix**

In the Recommendation, Judge Mix recognized that a medical professional can be liable for Eighth Amendment deliberate indifference for denying access to medical care if she "knows that [her] role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if [s]he delays or refuses to fulfill that gatekeeper role due to deliberate indifference." (ECF No. 35 at 18 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)). Nonetheless, to establish gatekeeper liability "a plaintiff must still allege that the need for medical care was obvious to the prison official." (*Id.* (quoting *Estate of Martinez v. Taylor*, 176 F. Supp. 3d 1217, 1227 (D. Colo. 2016).) Judge Mix reasoned that although Plaintiff avers in conclusory statements that Defendant Mix displayed deliberate indifference to his known medical needs by delaying or denying him physical therapy sessions, there are insufficient allegations in the Amended Complaint that Defendant Mix subjectively knew of and disregarded an excessive risk to Plaintiff's health. (*Id.* at 22–24.)

Plaintiff objects to this determination, arguing that the fact that Defendant Mix approved physical therapy on January 7, 2016 and Dr. Hodges requested to send Plaintiff back for the "next stage" of his treatment evidences Defendant Mix's knowledge

10

that "this was the same treatment previously aut[ho]rized." (ECF No. 41 at 6.) Plaintiff asks, "How could Dr. Mix pos[s]ibly not know this was needed treatment[?] This is a situation where the alleged gatekeeper and disregarding needed treatment." (*Id.* at 7.)

However, a prisoner does not have a valid deliberate indifference claim simply because he was denied a particular course of treatment that he desired. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) ("Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). To the contrary, to satisfy the subjective prong of an Eighth Amendment deliberate indifference claim, as opposed to a medical malpractice claim under state tort law, a plaintiff is required to identify "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Callahan*, 471 F.3d at 1159 (recognizing that a plaintiff must show that the defendants "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it").

After carefully reviewing the allegations in the Amended Complaint and the Objections, the Court concludes that Plaintiff has failed to adequately allege that Defendant Mix subjectively knew of and disregarded an excessive risk to Plaintiff's health. Accordingly, the Court overrules this portion of the Objections and reaffirms its prior order adopting this portion of the Recommendation and dismissing Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Mix without prejudice.

## IV. PLAINTIFF'S MOTION TO AMEND

In his Motion to Amend, Plaintiff seeks leave to file an amended prisoner complaint. (ECF No. 47.) Because the Court is granting Plaintiff leave to file a new amended complaint that cures all of the deficiencies set forth in the Recommendation, the Court denies as moot the Motion to Amend.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objections (ECF No. 41) are OVERRULED;

2. The Court REAFFIRMS its prior order adopting the Recommendation in full (ECF No. 38) and its determination that:

   a. That portion of Plaintiff's Eighth Amendment Claim deliberate indifference claim regarding physical therapy is prudentially moot to the extent Plaintiff seeks injunctive relief and is therefore DISMISSED WITHOUT PREJUDICE;

   b. Plaintiff's Eighth Amendment Claim is DISMISSED WITH PREJUDICE to the extent it seeks injunctive relief regarding bottom bunk restrictions against Defendant Mix in her individual capacity;

   c. The Eighth Amendment Claim is DISMISSED WITHOUT PREJUDICE to the extent it seeks injunctive relief regarding bottom bunk restrictions against Defendants CHP, CDOC, and the Executive Director of CDOC;

      d.      Plaintiff's Eighth Amendment Claim is DISMISSED WITHOUT PREJUDICE to the extent it seeks monetary damages against Defendant Mix;

3. Plaintiff is GRANTED LEAVE to file an amended complaint, **consistent with this Order,** no later than **March 4, 2022**. In other words, in his amended complaint, if any, Plaintiff **will not** be permitted to re-allege any portion of his Eighth Amendment claim which has been dismissed with prejudice;

4. Plaintiff's Request [for] Leave to Amend Prisoner Complaint (ECF No. 47) is DENIED AS MOOT; and

5. The Clerk is DIRECTED to mail a copy of this Order to Plaintiff and file a certificate of service on the docket.

Dated this 3rd day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

13