**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1944-WJM-KLM

EDWARD ALLEN, also known as Edward Allen Clutts,

    Plaintiff,

v.

CHP,
EXECUTIVE DIRECTOR OF CDOC,
Dr. JENNIFER MIX, and
JOHN DOE,

    Defendants.

---

**ORDER ADOPTING DECEMBER 8, 2022,
RECOMMENDATION OF MAGISTRATE JUDGE**

---

This matter is before the Court on the December 8, 2022, Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 80) that the Court: (1) grant in part and deny in part the Motion to Strike the Claim Against CHP Defendants in Plaintiff's Second Amended Complaint (ECF No. 65) ("Motion to Strike"), filed by Defendants Correctional Health Partners ("CHP") and Dr. Jennifer Mix (jointly, "the CHP Defendants"); and (2) grant the Motion to Dismiss Plaintiff's [Second] Amended Complaint ("Motion to Dismiss") (ECF No. 67), filed by Defendant Dean Williams, the Executive Director of the Colorado Department of Corrections ("CDOC").

On December 19, 2022, Plaintiff filed an Objection. (ECF No. 80.) Williams and the CHP Defendants separately responded on January 12, 2023. (ECF Nos. 83, 84.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

For the reasons explained below, the Court overrules the Objection and adopts the Recommendation as modified.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in Plaintiff's Second Amended Complaint (ECF No. 61).[1]  (ECF No. 80 at 2–5.)

Plaintiff filed this action in Denver District Court on August 14, 2019, and the CDOC Defendants[2] removed this action on July 2, 2020.  (ECF No. 1.)  On August 13, 2020, Plaintiff filed the Amended Complaint, which asserted an Eighth Amendment deliberate indifference claim pursuant to 42 U.S.C. § 1983. The CHP Defendants and the CDOC Defendants filed separate motions to dismiss the Amended Complaint.  (ECF Nos. 24, 26, 29, 30, 32.)

On January 20, 2021, Judge Mix issued a recommendation that both motions to dismiss be granted and that the Amended Complaint be dismissed.  (ECF No. 35 at 2.) The undersigned adopted the January 20, 2021, recommendation on February 9, 2021, after Plaintiff failed to object with 14 days.  (ECF No. 36.)  Plaintiff petitioned for rehearing on the basis that he had not received the January 20, 2021, recommendation, (ECF No. 37), and filed an objection, (ECF No. 41), on March 11, 2021.  The

---

[1] The Court assumes the allegations contained in the Amended Complaint are true for the purpose of resolving the Motion.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[2] The CDOC was a defendant in both the initial Complaint and the Amended Complaint. (ECF Nos. 3, 14.)  In briefing and Orders related to those earlier complaints, CDOC and Williams were referred to, jointly, as the "CDOC Defendants." (*E.g.*, ECF No. 52 at 1.)

undersigned granted the petition for rehearing but overruled the objection and adopted the January 20, 2021, recommendation in full.  (ECF No. 38; ECF No. 52 at 2.)  All but one of the claims in the Amended Complaint were dismissed without prejudice, and Plaintiff was granted leave to file an amended complaint.  (*Id.* at 12–13.)

Plaintiff filed the Second Amended Complaint on February 25, 2022, dropping CDOC as a defendant and adding John Doe.  (ECF No. 61 at 1–3.)  The CHP Defendants filed the Motion to Strike on March 21, 2022.  (ECF No. 65.)  Plaintiff responded on April 1, 2022 (ECF No. 69), the CHP Defendants replied on April 15, 2022 (ECF No. 72), and Plaintiff filed a sur-reply with leave of Court on June 16, 2022 (ECF Nos. 76, 77, 79).  Williams filed the Motion to Dismiss on March 29, 2022.  (ECF No. 67.)  Plaintiff responded on May 2, 2022 (ECF No. 73), and Williams replied on May 16, 2022 (ECF No. 75).

## II. THE RECOMMENDATION

On December 8, 2022, Judge Mix issued her Recommendation that the Motion to Strike be denied in part, to the extent it is asserted under Federal Rule of Civil Procedure 12(f), and be granted in part, to the extent it is asserted under Rule 12(b)(6), and the Motion to Dismiss be granted.  (ECF No. 80 at 2.)  Specifically, she recommended: (1) Plaintiff's claim seeking injunctive relief relating to physical therapy against Williams be dismissed without prejudice for lack of subject-matter jurisdiction; (2) Plaintiff's claim seeking damages against the CHP Defendants be dismissed with prejudice for failure to state a claim; (3) Plaintiff's claim seeking an injunction that Williams grant Plaintiff a permanent bottom-bunk restriction be dismissed without prejudice for lack of jurisdiction; and (4) Plaintiff's claim against John Doe, an unnamed

3

CDOC employee, be dismissed without prejudice for failure to state a claim. (*See generally* ECF No. 80.)

## III. LEGAL STANDARDS

### A.   Rule 72(b)

When a magistrate judge issues a recommendation on a dispositive matter, Rule 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### A.   Rule 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts must be construed strictly. *See F&S Constr. Co.*

4

*v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). A party challenging the Court's jurisdiction may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *See id.* A court has wide discretion to allow affidavits, other documents, and may conduct a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *See id.*

**C.    Rule 12(b)(6)**

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss under Rule 12(b)(6), the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to

raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly,* 550 U.S. at 545 & 556). The plaintiff "does not need detailed factual allegations" but must plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177 (quoting *Twombly*, 550 U.S. at 556).

## IV. PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION[3]

**A. Williams**

### 1. Subject-matter Jurisdiction

Plaintiff argues that "defendants have already established jurisdiction when [they] [re]moved this case" to this Court. (ECF No. 82 at 2.) He continues that he is content to litigate this action in state court if the Court finds it lacks jurisdiction. (*Id.*)

When Williams (and the CDOC when it was a party) removed this action to this Court, he asserted the Court's jurisdiction under Article III and 28 U.S.C. § 1331. (ECF No. 1.) Plaintiff is correct to point out that the party asserting the Court's jurisdiction has the burden of proving it exists, (ECF No. 82 at 2), but removing a case filed in state court is not a *de facto* waiver of sovereign immunity, nor does it create a case or controversy where there is not one.

### a. *Sovereign Immunity*

"Pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction

---

[3] Because Plaintiff proceeds *pro se*, the Court will construe his pleadings liberally and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

6

to adjudicate an action brought by a citizen of Colorado against the State of Colorado, its agencies, or its officials in their official capacities for money damages or injunctive relief for prior acts." (ECF No. 80 at 13 (citing *Johns v. Stewart*, 57 F.3d 1544, 1522 (10th Cir. 1995)).) Judge Mix correctly explained that under *Ex Parte Young*, 209 U.S. 123 (1908), Plaintiff may seek only prospective injunctive relief in a claim against Williams in his official capacity. (*Id.* at 13–14.) But Plaintiff does not specifically state what relief he seeks on this claim, let alone that he seeks prospective injunctive relief that Williams is capable of providing. (*Id.* at 14.)

Therefore, the Court finds Judge Mix correctly concluded this claim is barred by the Eleventh Amendment, and Plaintiff's Objection is overruled.

      b.    *Prudential Mootness*

Federal courts are limited to deciding ongoing "cases or controversies," and they must "decline to exercise jurisdiction where the award of any requested relief would be moot." *Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 568 (10th Cir. 2015). Judge Mix determined that Plaintiff's only request for prospective injunctive relief from Williams—that Plaintiff be granted a permanent bottom-bunk restriction—is prudentially moot because he currently has a bottom-bunk restriction and Plaintiff offers nothing beyond speculation to suggest his restriction will be rescinded. (ECF No. 80 at 21–22.) Plaintiff objects to this portion of the Recommendation and attaches a grievance form that appears to confirm his bottom-bunk restriction was rescinded on July 22, 2022. (ECF No. 82 at 6–7.) Judge Mix did not have the benefit of this evidence when making her Recommendation.

Based on this information, the Court concludes this controversy is ongoing; however, Plaintiff's Objection is overruled for the reasons stated in Section IV.A.2

7

below.

    2.    <u>Prison Litigation Reform Act ("PLRA")</u>

In the Motion to Dismiss, Williams argues that even if the Court has subject-matter jurisdiction, Plaintiff's claim requesting a permanent bottom-bunk restriction "is barred by the Prison Litigation Reform Act," codified at various locations in Titles 28 and 42 of the United States Code. (ECF No. 67 at 13.) Because Judge Mix concluded this claim was prudentially moot, she did not consider Williams's PLRA argument.

The PLRA sets "limits on the power of courts to give injunctive relief to prisoners, requiring (among other things) that any injunctive relief granted be both narrowly drawn to correct the violation of federal rights and also the least intrusive means of correcting the violation." *Biodiversity Assocs. v. Cables*, 357 F.3d 1152, 1167 (10th Cir. 2004). Additionally, prospective relief must be terminable two years after the court first granted such relief. 18 U.S.C. § 3626(b)(1)(A)(i).

Plaintiff has made no allegations upon which the Court could conclude his requested bottom-bunk restriction is the least intrusive means of correcting the alleged Eighth Amendment violation, even if limited to 2 years to avoid the limitation imposed by § 3626(b)(1)(A)(i). The night terrors that cause Plaintiff to roll out of his bed could improve, prison staff could procure a bed with rails on the top bunk (as suggested by Plaintiff himself (ECF No. 82 at 5)), or any number of other events could occur that would make the bottom-bunk restriction Plaintiff requests unnecessary. If the Court were to direct Williams to put Plaintiff on a bottom-bunk restriction, it would substantially limit the discretion courts ordinarily afford prison administrators in operating their facilities. *See Turner v. Safely*, 482 U.S. 78, 84–85 (1987).

Therefore, Plaintiff's Objection is overruled.

**B.     The CHP Defendants**

    1.     <u>Proper Role of the Magistrate Judge</u>

Plaintiff objects to Judge Mix "litigating for" the CHP Defendants. (ECF No. 82 at 2.) He argues that the Motion to Strike makes "no indication" that it is "anything more than a motion to strike" and that Judge Mix improperly transformed it into a motion to dismiss. (*Id.*)

Plaintiff is mistaken. The Motion to Strike states directly that it seeks "dismiss[al] of Plaintiff's claims against [the CHP Defendants] in their entirety." (ECF No. 65 at 3.) This is expressly based on the argument that "[n]othing in the 'new' allegations . . . change[s] this Court's previous Order granting [the] CHP Defendants' Motion to Dismiss." (*Id.*) Judge Mix did not err in construing the Motion to Strike under both the Rule 12(f) and Rule 12(b)(6) standards.

Plaintiff's Objection is overruled.

    2.     <u>Deliberate Indifference</u>

Plaintiff objects that Judge Mix overlooked allegations sufficient to plead the CHP Defendants acted with deliberate indifference toward him. (ECF No. 82 3–5.)

        a.     *Dr. Mix*

As explained in the Recommendation, with respect to Dr. Mix, "[t]he only pertinent allegation is that a request was made and that Defendant Mix denied it." (ECF No. 80 at 17.) Plaintiff's Objection merely reiterates Judge Mix's summary with more words. According to Plaintiff, "Dr. Mix claimed she knew [Plaintiff needed] physical therapy" but after he had started physical therapy, "Dr. Mix and CHP stopped" it. (ECF No. 82 at 3.) He argues that because Dr. Mix had previously approved two earlier stages of physical therapy at Denver Health, failure to approve a requested third round

9

amounts to intentionally ending "a medical procedure before [it is] completed." (*Id.* at 3–4.)

The Court agrees with Judge Mix that these "slim" facts are not enough to support the allegation that Dr. Mix subjectively knew of and disregarded an excessive risk to Plaintiff's health. (ECF No. 80 at 17.) Plaintiff's Objection is overruled.

      b.    *CHP*

Judge Mix found that because CHP is a "gatekeeper" between Plaintiff and outside medical care, "Plaintiff must 'allege that the need for medical care was obvious to [CHP]'" to state an Eighth Amendment claim. (ECF No. 80 at 19.) She found that Plaintiff makes "no allegations about what information was before Defendant CHP for its consideration in administratively determining the request to put Plaintiff back in physical therapy." (*Id.*) As with the claim against Dr. Mix, "[t]he only pertinent allegations are that a request was made and that Defendant CHP denied it." (*Id.* at 20.)

Plaintiff makes the same objections he did with respect to Dr. Mix—his need for physical therapy was known, previously approved, and ended prematurely. (ECF No. 82 at 4–5.)

As with the claim against Dr. Mix, the Court agrees that these "slim" facts are not enough to support the allegation that CHP subjectively knew of and disregarded an excessive risk to Plaintiff's health. (ECF No. 80 at 20.) Plaintiff's Objection is overruled.

**C.**    **John Doe**

Plaintiff makes no specific objection to the portion of the Recommendation discussing the newly added claim against John Doe. (ECF No. 80 at 24–26; *see* ECF No. 82.) Therefore, the Court reviews this portion of the Recommendation for clear error. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing

*Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

The Court finds no clear error in Judge Mix's analysis of the claim against John Doe and therefore adopts it. Plaintiff makes no allegations regarding what information John Doe had when he made the decision to remove Plaintiff's initial bottom-bunk restriction. (ECF No. 80 at 25.) Without sufficient factual allegations to show Doe was subjectively aware of and deliberately indifferent to Plaintiff's need for a bottom bunk, Plaintiff has failed to state a claim upon which relief can be granted. (*See id.*)

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs Objection (ECF No. 82) is OVERRULED;

2. The Recommendation (ECF No. 80) is ADOPTED AS MODIFIED, as set forth above;

3. The Motion to Strike (ECF No. 65) is DENIED IN PART and GRANTED IN PART;

4. The Motion to Dismiss (ECF No. 67) is GRANTED;

5. Plaintiff's Second Amended Complaint (ECF No. 61) is DISMISSED WITH PREJUDICE IN PART and DISMISSED WITHOUT PREJUDICE IN PART, as follows:

    a. Plaintiff's Eighth Amendment deliberate indifference claim regarding physical therapy is DISMISSED WITHOUT PREJUDICE as to Williams and DISMISSED WITH PREJUDICE as to the CHP

        Defendants;

    b.     Plaintiff's Eighth Amendment deliberate indifference claim regarding a bottom-bunk restriction is DISMISSED WITHOUT PREJUDICE as to Williams and John Doe;

6. At such time as the Court enters final judgment on all claims in this action, the Clerk will enter judgment in favor of the CHP Defendants and against Plaintiff; and

7. Plaintiff is granted leave to file, **no later than April 10, 2023**, a motion seeking leave to file a further amended complaint which ONLY reasserts those claims dismissed without prejudice in this Order.

Dated this 17th day of March, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

12